# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD PLANTAN ) | |
| ) | |
| Plaintiff ) | |
| ) | No._____ |
| v. ) | |
| ) | |
| THE CITY OF CHICAGO, ) | |
| A MUNICIPAL CORPORATION and ) | |
| THE CITY COLLEGES OF CHICAGO ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, Richard Plantan, by and through his attorney, William R. Knox hereby brings this action against Defendants and hereby states as follows:

## INTRODUCTION

1. For approximately 50 years, Plaintiff Richard Plantan was a dedicated Community College Instructor who taught business and accounting courses with the City Colleges of Chicago.

2. While not significantly outspoken, Plaintiff is known in public to be a political conservative, and supporter of President Donald Trump.

3. Throughout the years, as it pertained and was relevant to his course material, Plaintiff opened his class up for discussion on numerous policies including President Trump's economic and other policies. Such debates always increased his student's interest in his courses and he openly welcomed discussion and debate from all political viewpoints.

4. However, as a result of this protected dissident speech, Defendants unlawfully and illegally retaliated against Plaintiff and denied him equal protection under the

law. Due to his opening up his class discussion about the economic and immigration policies of President Donald Trump, Plaintiff was summarily terminated from his position with the City of Chicago.

5. Defendants made the decision to terminate Plaintiff for such dissident speech and conduct even though for decades, if not centuries, many other teachers had participated in the long and proud history of educators being involved in politics and political debates inside and outside of the classroom.

6. Plaintiff thus brings this civil-rights action pursuant to the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the Illinois State Constitution to remedy unconstitutional violations of his rights to freedom of speech and equal protection in public employment and to ensure that public employees such as himself are free to speak their views without fear of politically motivated reprisals based on their right to free speech.

## PARTIES, JURISDICTION, AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as the claims asserted arise out of federal constitutional and statutory law, namely 42 U.S.C. § 1983 and U.S CONST. AMEND. I, XIV.

8. Venue in this Court is proper under 28 U.S.C. § 1391(b) because all of the events giving rise to this claim took place in this district and Defendants are governmental entities who operate in this district.

9. Plaintiff Richard Plantan is an individual who resides in Chicago, County of Cook, Illinois

10. Defendants City of Chicago and The City Colleges of Chicago is a government body created by and operated under the laws of the State of Illinois. It exercises governmental control in Cook County, Illinois.

## STATEMENT OF FACTS

11. Plaintiff was formerly employed an instructor of general business and accounting at the City Colleges of Chicago.

12. Mr. Plantan was dedicated to education, his students, and advancing the officially stated goals of The City Colleges of Chicago.

13. Throughout the many decades of his employment, Mr. Plantan was well qualified for the positions that he held and performed them diligently and competently.

14. Throughout his entire educational career, Plaintiff has treated all students, administrators, and colleagues with respect and dignity, no matter their political beliefs.

16. Around approximately February of 2018 through February 2020, Plaintiff, when relevant to his course material, opened up his classes up to discussion and debate about the impact of President Donald Trump's economic policies and illegal immigration on the economy and the field of business. While Plaintiff often introduced arguments and counter arguments that were aligned with the policies of Donald Trump, he always welcomed and encouraged opposing viewpoints in these discussions and debates.

17. Nonetheless, numerous students complained to The City Colleges of Chicago that they were offended by hearing and being exposed to the dissident statements by Plaintiff and other students expressing approval of the policies of the then President of the United States.

18. During this period, a result of the abovementioned conduct, Plaintiff was called into at least four disciplinary hearings and was told by hearing administrators to never again express his

dissident ideas and never discuss the policies of Donald Trump in his courses. After the third hearing, Plaintiff received a written warning requiring that he never discuss the President of the United States in in the course of conducting his classes.

19. In February of 2019, Plaintiff was told by his fellow colleague/instructor and local 1600 Union Representative, Harry Sdralis "you better retire immediately because the city is coming after you and planning to terminate you for your political beliefs."

20. Plaintiff the subsequently informed City of Chicago Department Chair, Lassandra Skinner of the aforementioned illegal activity and Skinner told Plaintiff that she was unaware of any of the City Colleges of Chicago's unlawful actions and stated that she was upset when discovered Plaintiff was getting hailed in to hearings for his dissident political beliefs and that the Cook County College teacher's Union Local 1600 wasn't "stepping up" to defend his dissident speech.

21. By around August or September 2020, Defendants again started summoning Plaintiff for additional workplace violation hearings. However, these hearings were unfounded and were merely used as a pretext to terminate Plaintiff for his dissident speech. In September, 2020, Plaintiff's employment with The City Colleges of Chicago was terminated.

22. The sole motivation for Plaintiff's termination was retaliation for his exercise of his constitutionally protected speech.

23. Each of these actions had a substantial chilling effect on Plaintiff's constitutionally protected right to free speech and constituted an unconstitutional condition on his employment,

24. Defendants terminated Plaintiff for his dissident political speech despite other similarly-situated employees regularly making similarly-natured in class and/or in the course of their employment, social media posts, and other published statements in favor of liberal,

leftwing, socialist democrat, communist, ANTIFA, anarchist, and ethno-separatist political causes without professional consequence.

## CAUSES OF ACTION

### COUNT ONE
### FIRST AMENDMENT RETALIATION
### 42 U.S.C. § 1983: U.S. CONST. AMEND. I
### (Against all Defendants)

25. Plaintiff hereby re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. The Defendants are all "persons" covered by the meaning of 42 U.S.C. § 1983.

27. At all relevant times, all Defendants acted under color of state law by virtue of the performance of their duties as employees of Defendants, which is created by and operated under the laws of the State of Illinois.

28. Plaintiff engaged in protected activity under the First Amendment of the United States Constitution by introducing protected speech and opinions into his classrooms as a private citizen concerning issues of public concern including discussing the policies of President Donald Trump, his support of President Trump, and his opinions on national politics.

29. Plaintiff suffered an objectively adverse employment action when he was terminated in September, 2020.

30. The adverse action taken against Plaintiff was motivated in significant part by Plaintiff's constitutionally protected speech.

31. But for Plaintiff's exercise of his constitutionally protected right to free speech, he would not have been terminated by Defendants.

32. On or about September, 2020, Defendants placed unconstitutional conditions on Plaintiff's employment by conditioning future employment on an admission of wrongdoing and a promise "to do better" by Plaintiff.

33. Individual Defendants violated Plaintiff's clearly established constitutional right to be free of retaliation for speech under the First Amendment to the U.S. Constitution and are not entitled to qualified immunity.

34. These actions were undertaken via a policy, practice, or procedure of Defendants.

35. The actions of the Defendants and/or it's duly authorized agents were all ratified and supported by all Defendants.

36. As a result of all Defendants' unlawful conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to, lost wages, damage to professional reputation, emotional distress, outrage and humiliation.

37. The Individual Defendants' actions were done intentionally and/or with reckless disregard to Plaintiff's federally-protected rights, entitling him to punitive damages.

38. Plaintiff also seeks an injunction against the Individual Defendants in their official capacity reinstating Plaintiff to his position and preventing any further unconstitutional actions under Ex Parte Young, 209 U.S. 123 (1908).

## COUNT II
## EQUAL PROTECTION VIOLATION
## 42 U.S.C. § 1983: U.S. CONST. AMEND. XIV
### (Against All Defendants)

39. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

40. The Defendants are all "persons" covered by the meaning of 42 U.S.C. § 1983.

41. At all relevant times, Individual Defendants acted under color of state law by virtue of the performance of their duties as employees of Defendants, which is created by and operated under the laws of the State of Illinois.

42. Plaintiff suffered an objectively adverse employment action when he was terminated in September, 2020.

43. Plaintiff was treated differently than similarly situated teachers based on his political beliefs and there was no rational basis for the differential treatment such that Defendants' treatment of Plaintiff was arbitrary and capricious.

44. Individual Defendants undertook these actions under color of state law.

45. Individual Defendants violated Plaintiff's clearly established constitutional right to equal protection under the Fourteenth Amendment to the U.S. Constitution and are not entitled to qualified immunity.

46. These actions were undertaken via a policy, practice, or procedure of all Defendants.

47. The actions of the Individual Defendants were all ratified and supported by all Defendants.

48. As a result of Defendants' wrongful actions, Plaintiff suffered and continues to suffer damages, including loss of the value, use, and enjoyment of his property, additional expenditures, emotional and physical distress, mental and

physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

49. The Individual Defendants' actions were done intentionally and/or with reckless disregard to Plaintiff's federally-protected rights, entitling him to punitive damages.

50. Plaintiff also seeks an injunction against the Defendants in their official capacity reinstating Plaintiff to his position and preventing any further unconstitutional actions under Ex Parte Young, 209 U.S. 123 (1908). COUNT III

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

a. Compensatory damages for monetary and nonmonetary loss in whatever amount he is found to be entitled;

b. Exemplary and punitive damages in whatever amount he is found to be entitled;

c. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

d. An order of this Court reinstating Plaintiff to the positions he would have if there had been no wrongdoing by Defendants;

e. An injunction of this Court prohibiting any further unconstitutional or illegal acts by Defendants; and

f. An award of interest, costs and reasonable attorney fees.

Respectfully submitted,

THE LAW OFFICE OF WILLIAM KNOX
/S/ William Knox
4407 North Elston Avenue
Chicago, Illinois
(773) 282-9129
knoxlaw@gmail.com, belzllc@yahoo.com